## BETZ *v.* BUCKEL.

*N. Y. Superior Court ; Special Term, July,* 1893.

*Contempt ; enforcing against delinquent purchaser at judicial sale loss arising on resale.*] The liability of a purchaser of property at a judicial sale, who refuses to complete his purchase, for the loss arising upon a resale had by direction of the court, is not enforcible by contempt proceedings, as the order may be enforced by execution.

Motion to punish Charles Johnson, one of the defendants and the purchaser of the property at the original sale, for contempt.

This action was brought by George Betz against Peter Buckel and others, to foreclose a mortgage.

The facts are fully stated in the opinion.

GILDERSLEEVE, J.—By decree of this court, in proceedings to foreclose a mortgage, certain real estate in this city was offered for sale, under the direction of a referee duly appointed, in the month of November last; and the property was struck down to Charles Johnson, one of the defendants in the foreclosure proceedings, which were entitled as above, who had been unsuccessful in an alleged defense which he had interposed therein. Johnson signed the terms of sale prepared by the referee, but failed to comply therewith by paying ten per cent. of the purchase price.

On motion duly made in this court, upon the argument of which Johnson was heard, an order was made directing that the premises in question be resold, under the same terms of sale as were subscribed to by Johnson when the premises were struck off to him, and that Johnson be held

liable for and pay over to the referee for and on account of the plaintiff the amount of any deficiency that there might be between the sum for which the said premises were struck off to him upon the first sale, and that for which they might be purchased on the resale. It was further ordered that said Johnson pay the costs and expenses incurred on the resale of said premises.

On May 15, 1893, the report of the referee of the resale was duly filed, whereby it appeared that the deficiency between the amount bid by Johnson upon the first sale of said property and the amount realized upon the second safe thereof was $15,500, and that the expenses of such resale amounted to $222.45.

The motion now under consideration is for an order directing Johnson to pay the said sum of $15,722.45, together with interest thereon from May 16, 1892, and in default thereof that he be punished as for a contempt of court. Johnson seems to have had due notice of all the steps in the proceedings that have led to the result above indicated, which proceedings seem to have been entirely regular, and the plaintiff is clearly entitled to a decree of this court directing Johnson to pay to him the above sum. It appears, however, that Johnson is utterly insolvent, and that such a decree will be of little value to the plaintiff. Anticipating Johnson's default, plaintiff asks that in the event thereof, Johnson be punished as for a contempt of court.

In my opinion Johnson's failure to pay the above sum, when ordered by this court forthwith to do so, will not place him in a contempt for which he can be summarily punished by an order of this court. We must look to the Code for authority to enforce the order by punishment as for a contempt. Contempts that are punishable civilly are set forth in section 14 of the Code of Civil Procedure. If the case at bar falls within the section in question, it must come within the provisions of subdivision 3 or subdivision 8.

---

Betz *v.* Buckel.

---

We are not advised by counsel, nor have we been able, upon a somewhat hurried examination, to ascertain that punishment for contempt has been " usually adopted and practised " in this court to enforce the remedy which the plaintiff here seeks; and we must, therefore, hold that the application is not within subdivision 8 of that section. Subdivision 3 is as follows: " A party to the action or special proceeding, an attorney, counselor, or other person, for the non-payment of a sum of money, ordered or adjudged by the court to be paid, in a case where, by law, execution cannot be awarded for the collection of such sum ; or for any other disobedience to a lawful mandate of the court."

The case at bar is not within this subdivision for the reason that it is not " a case where by law execution cannot be awarded for the collection of such sum." For, by section 779, it is provided as follows: " Where costs of a motion, or any other sum of money, directed by an order to be paid, are not paid within the time fixed for that purpose by the order, or if no time is so fixed, within ten days after the service of a copy of the order, an execution against the personal property only of the party required to pay the same may be issued by any party or person to whom the said costs or sum of money is made payable by said order. . . . But nothing herein contained shall be so construed as to relieve a party or person from punishment as for a contempt of court for disobedience to an order in any case when the remedy of enforcement by such proceedings now exists."

I can find no provision of the Code which authorizes the court to enforce the payment of this money by Johnson to the plaintiff by punishing Johnson as for a contempt. Section 16 of the Code provides as follows: " Except in a case where it is otherwise specially prescribed by law, a person shall not be arrested or imprisoned for disobedience to a judgment or order, requiring the payment of money due upon a contract, express or

implied, or as damages for non-performance of a contract."

The sum which the plaintiff is seeking to collect from Johnson is nothing more than damages arising from the non-performance of Johnson's contract. Contracts for sale, such as Johnson subscribed to in this action, owing to the large number of transactions in real estate in this city and to the large amount of property that is sold at auction, are entered into daily and are very numerous. If it is to be held that for the failure to pay damages arising from a breach of said contract, judgment debtors are to be punished as for a contempt of court, it would, it seems to me, be a somewhat serious impediment to real estate transactions, and deter many desirous of purchasing real estate from entering the market.

I cannot declare such to be the law until I am shown authority therefor. This the counsel did not do upon the argument, nor does it appear in their briefs. I believe the remedy of the plaintiff to be such as I have indicated.

The application to punish defendant Johnson as for a contempt of court must be denied, without costs.